UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CROSSFIT INC., <br><br> Plaintiff, <br><br> vs. <br><br> TAL MOORE and JANE DOE MOORE, husband and wife, and the marital community composed therein, <br><br> Defendants. | No. <br><br> COMPLAINT <br><br> JURY DEMAND |

## **PARTIES**

1. Plaintiff CrossFit Inc. is a Delaware corporation with its principal place of business located in Washington, D.C.

2. Defendants Tal Moore and Jane Doe Moore are married persons residing in Seattle, Washington. All of Mr. Moore's acts and omissions were undertaken on behalf of his marital community.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121.

4. The Court has personal jurisdiction over defendants because Mr. Moore resides, transacts business, and committed statutory torts within the State of Washington and this District.

COMPLAINT -- 1

No.
m43638-1598199.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

5. Venue is proper under 28 U.S.C. § 1391(b).  Mr. Moore resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

### CrossFit's CROSSFIT Trademark

6. CrossFit owns a cross-training strength-and-conditioning fitness program that is used by police academies, military special operations units, professional athletes, and thousands of amateur athletes around the world.  CrossFit provides seminars, trainer certifications, and consultation services for athletic teams, coaches, and police and military agencies.  It also publishes a website (accessible at *http://www.crossfit.com*) and journal that supports CrossFit users by explaining its fitness and health theories, techniques, and practices.

7. CrossFit has used CROSSFIT as a trademark in connection with fitness training since at least as early as 1985.

8. CrossFit owns federal registrations for its CROSSFIT trademark, Reg. No. 3007458 in International Class 41 for "Fitness training"; and Reg. No. 3826111 in International Class 25 for "Clothing, namely, shirts, pants, shorts, jackets, sweatshirts, sweatpants, headwear, socks."  CrossFit also owns applications for federal registration for its CROSSFIT trademark, Serial No. 77719836 in International Class 9 for "Computer software that allows users to track and utilize results of fitness workouts; computer application software for mobile phones; audio and video recordings featuring information and instruction on fitness, nutrition, sports and exercise; downloadable podcasts in the fields of fitness, nutrition, sports and exercise; digital music downloadable from the Internet; downloadable video recordings featuring fitness, nutrition, sports and exercise instruction via the internet and wireless devices"; Serial No. 77719845 in International Class 41 for "Entertainment services, namely, an on-going series featuring fitness, nutrition, sports and exercise provided through television, radio, satellite, film, internet, audio and video media; production of television programs, radio programs and cinematographic films; providing information in the fields of fitness, sports and exercise via a

COMPLAINT -- 2

No.
m43638-1598199.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

website; online publication of journals in the fields of fitness, nutrition, sports and exercise; entertainment services, namely, providing podcasts in the fields of fitness, nutrition, sports and exercise; educational services, namely, conducting lectures, seminars and workshops in the fields of fitness, nutrition, sports and exercise; entertainment in the nature of competitions in the field of fitness; entertainment in the nature of sports competitions; summer camps; recreational camps; fitness training"; Serial No. 77719855 in International Class 42 for "Scientific research relating to exercise and human performance; providing consultation in the field of exercise and human performance technology"; Serial No. 77719838 in International Class 16 for "Paper goods and printed matter, namely, a series of books, written articles, handouts and worksheets in the fields of fitness, nutrition, sports and exercise; printed instructional, educational, and teaching materials in the fields of fitness, nutrition, sports and exercise; magazines in the fields of fitness, nutrition, sports and exercise; general feature magazines; exercise books; posters, bumper stickers"; Serial No. 77719842 in International Class 28 for "Exercising equipment, namely, weight lifting bars, dumbbells, medicine balls, climbing ropes, nets for sports, exercise bars; fitness machines and equipment, namely, rowing machines; exercise weights; gymnastic apparatus"; Serial No. 77719862 in International Class 5 for "Nutritional energy bars for use as a meal substitute; nutritional drinks used for meal replacement; nutritional supplements; drug testing kits comprised of medical diagnostic reagents and assays for testing body fluids"; and Serial No. 85196654 in International Class 25 for "Footwear."

9. CrossFit licenses certain of its CROSSFIT trademarks to third party affiliates who own and operate independent fitness facilities in the United States and throughout the world. Its Seattle affiliates include CrossFit Seattle, NorthWest CrossFit, Xplore CrossFit, Foundation CrossFit, Jet City CrossFit, Urban CrossFit, Puget Sound CrossFit, CrossFit Belltown, CrossFit West Seattle, Stoneway CrossFit, CrossFit 206, CrossFit Eastlake, CrossFit Interbay, OGER CrossFit, and SODO CrossFit. CrossFit's affiliates brand their facilities as CROSSFIT facilities, often pairing the CROSSFIT trademark with a geographic indicator, such as "CrossFit Seattle."

COMPLAINT -- 3

No.
m43638-1598199.doc

10. As one would expect, CrossFit's affiliates often wish to register the ".com" domain name that reflects their name, such as *crossfitseattle.com*.

**Mr. Moore's Registration and Sale of Domain Names Containing CrossFit's Trademark**

11. Mr. Moore is the founder of Gumballs.com, a web-based supplier of vending machines and vending machine products. The *Seattle-Post Intelligencer* profiled Mr. Moore in a 2005 article, stating: "Tal Moore founded Seattle-based Gumballs.com in his bedroom when he was 25 years old. The gumball machine company has grown into an international business with millions of dollars in sales."

12. In addition to his apparently legitimate work with Gumballs.com, Mr. Moore is a cybersquatter.

13. On June 28, 2010, Mr. Moore has registered approximately 387 domain names containing CrossFit's CROSSFIT trademark. For example, he registered *crossfitakron.com*, *crossfitalameda.com*, *crossfitalhambra.com*, *crossfitallentown.com*, *crossfitamarillo.com*, *crossfitapopka.com*, *crossfitarcadia.com*, *crossfitarlingtonheights.com*, *crossfitatlanticcity.com*, *crossfitbabylon.com*, *crossfitbayonne.com*, *crossfitbellflower.com*, *crossfitberkeley.com*, *crossfitbiloxi.com*, *crossfitbloom.com*, *crossfitbonitasprings.com*, *crossfitbradenton.com*, *crossfitbremerton.com*, and many others. A list of all known "CrossFit" domain names that Mr. Moore has registered is attached hereto as Exhibit A.

14. The listed owner of each of these registrations is Domains by Proxy.

15. CrossFit complained to Domains by Proxy about a number of registrations containing the CROSSFIT trademark. In each instance, Domains by Proxy responded that the subject registration was owned by Mr. Moore.

16. Mr. Moore likewise identified himself as the owner of a number of "CrossFit" registrations in various emails with CrossFit and its licensees. Among other things, a person using the name "Tal Moore" with an email address containing the "TalMoore" formative offered to sell the *crossfitnashua.com* domain name to a CrossFit licensee for $290 (and ultimately sold

COMPLAINT -- 4

No.
m43638-1598199.doc

it for $150); offered to sell *crossfitpalmsprings.com* to another CrossFit licensee for $400 (and ultimately sold it for $300); and offered *crossfitakron.com* to still another CrossFit licensee for $400.  Mr. Moore has offered to sell and sold many other domain names containing the CROSSFIT trademark.

17. Mr. Moore registered most or all of the subject domain names through the GoDaddy.com, Inc., domain name registrar, which advertises rates of $11.99 or less per year for each registration.

18. Mr. Moore was well aware of CrossFit's trademark at the time he registered his domain names containing CrossFit's trademark.  For example, one CrossFit licensee emailed Mr. Moore, asking: "Isn't CrossFit a licensed trademark of CrossFit Inc.  Is it yours to sell?"  Mr. Moore responded by stating: "Yes it is.  And yes, this domain is mine to sell."

19. Mr. Moore responded to another CrossFit licensee's inquiry by stating: "I purchased several domains relating to the [CrossFit] name with plans to either develop them, or sell them at the right price."  He went on to say: "I can let this domain [*crossfitakron.com*] go for $400.  That's a reasonable price to pay for a specific name in a sizable city such as Akron."

20. Mr. Moore responded to yet another CrossFit licensee's inquiry by stating he had published a form on pages connected with his "CrossFit" domain names "in order to streamline offers since we know there's demand from Crossfit affiliates."  He added: "We wouldn't mind parting with a few at the right price. . . ."

21. Indeed, web pages associated with most if not all of the "CrossFit" domain names that Mr. Moore registered contain a form that asks viewers to "Make an offer" to purchase the domain name.  For example, the website accessible at *http://www.crossfitbremerton.com*, depicts the following:

COMPLAINT -- 5

No.
m43638-1598199.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

[Screenshot of crossfitbremerton.com webpage showing "This domain is for sale!" with a "Make an offer:" form containing fields for which domain, requestor's name, email, and offer amount ($100 Minimum), with Submit and Reset buttons. Disclaimer: This site is not affiliated in any way with Crossfit, Inc.]

22. A number of CrossFit's affiliates have contacted Mr. Moore using one of these forms.

23. A number of CrossFit affiliates also have complained to CrossFit about having to purchase their preferred domain name from Mr. Moore at inflated prices.

24. In response, CrossFit contacted Mr. Moore. It objected to his registrations containing CrossFit's trademark and offered to reimburse him for the pro rated out-of-pocket cost he expended to register the domain names in exchange for his transferring or cancelling all such registrations. It also told him that in registering domain names containing its trademark, he had violated the Anti-Cybersquatting Consumer Protection Act and that it would take legal action against him if he did not comply with its request.

25. Mr. Moore did not respond.

### CAUSE OF ACTION

### Violation of the Anti-Cybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

26. CrossFit incorporates the allegations stated above.

27. Mr. Moore acted with a bad faith intent to profit from using CrossFit's trademark.

COMPLAINT -- 6

No.
m43638-1598199.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

He has registered, trafficked in, and used domain names containing CrossFit's trademark. CrossFit's trademark was distinctive at the time he registered the domain names. The "CrossFit" domain names Mr. Moore registered are identical or confusingly similar to CrossFit's trademark.

28. Mr. Moore does not have any intellectual property rights in the "CrossFit" domain names he registered.

29. Mr. Moore's "CrossFit" domain names do not consist of Mr. Moore's legal name or any other name that is commonly used to identify him.

30. Mr. Moore has not used his "CrossFit" domain names in connection with the bona fide offering of any goods or services.

31. Mr. Moore has not made a bona fide noncommercial or fair use of CrossFit's mark in a site accessible under the "CrossFit" domain names.

32. Mr. Moore intends to divert consumers from CrossFit's online location and that of its affiliates to sites accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

33. Mr. Moore repeatedly has sold and offered to transfer, sell, or otherwise assign his "CrossFit" domain names to CrossFit's affiliates for financial gain without having used, or having an intent to use, the domain names in the bona fide offering of any goods or services. Mr. Moore's prior conduct indicates a pattern of such conduct.

34. Mr. Moore uses the Domains by Proxy service that masks his true identity. When Domains by Proxy revealed his true identity, it did not include a street address. Mr. Moore only provided Domains by Proxy with a post office box number, city, and zip code, which constitutes a further effort to hide his physical location.

35. Mr. Moore has registered multiple domain names that he knows are identical or confusingly similar to CrossFit's mark that are distinctive at the time he registered such domain

COMPLAINT -- 7

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

No.
m43638-1598199.doc

names.

36. Mr. Moore's conduct described herein was willful.

37. Mr. Moore's wrongful conduct has caused CrossFit damages in an amount to be determined at trial. Under 15 U.S.C. § 1117(d), CrossFit is entitled to recover the actual damages it has sustained, as well as Mr. Moore's profits. In the alternative, at CrossFit's election, it is entitled to recover an amount of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just.

38. CrossFit has no adequate remedy at law to remedy Mr. Moore's wrongful conduct in that: (a) its CROSSFIT trademark constitutes unique and valuable property that has no readily determinable market value; (b) Mr. Moore's registration of "CrossFit" domain names constitutes interference with CrossFit's goodwill and customer relations; and (c) Mr. Moore's wrongful conduct and the damage resulting therefrom is continuing. Therefore, CrossFit is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

39. CrossFit also is entitled to an award of its reasonable attorney's fees and litigation costs.

## JURY DEMAND

40. CrossFit respectfully demands a trial by jury on all claims stated herein.

## PRAYER FOR RELIEF

WHEREFORE, CrossFit respectfully requests judgment as follows:

1. That the Court enter an order enjoining and restraining defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them from:

    a. registering or transferring to any party other than CrossFit any domain name containing the "CrossFit" formative; and

    b. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above;

COMPLAINT -- 8

No.

m43638-1598199.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

2.	That the Court enter an Order directing Mr. Moore to file with this Court and serve on CrossFit's attorneys within thirty days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which he has complied with the injunction;

3.	That the Court enter an order compelling Mr. Moore to transfer all domain names he has registered containing the "CrossFit" formative to CrossFit;

4.	That the Court award CrossFit its actual damages, and Mr. Moore's profits and unjust enrichment in amounts to be determined at trial or, at CrossFit's election, an amount of not less than $1,000 and not more than $100,000 per "CrossFit" domain name that Mr. Moore registered, as the Court considers just;

5.	That the Court enter an Order awarding CrossFit its reasonable costs and attorney's fees; and

6.	That the Court grant such additional relief as it deems just and appropriate.

DATED this 28th day of June, 2011.

GRAHAM & DUNN PC


By /s/ Michael G. Atkins
Michael G. Atkins
WSBA# 26026
Email: matkins@grahamdunn.com
Attorneys for Plaintiff CrossFit Inc.

COMPLAINT -- 9

No.

m43638-1598199.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599